IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Claud Sloan, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | **AND DENYING DEFENDANT'S MOTION** |
| vs. | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| Hartford Life and Accident | ) | Case No. A1-05-014 |
| Insurance Company, a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Claud Sloan, seeks judicial review of the termination of his long-term disability benefits under an ERISA-regulated employment plan. For the following reasons, the Court denies the Plaintiff's Motion for Summary Judgment and denies the Defendant's Motion for Summary Judgment.

**I.   BACKGROUND**[1]

The plaintiff, Claud Sloan, was hired by ANG Coal Gasification Company (ANG) located in Beulah, North Dakota, on July 11, 1983. See Complaint, ¶ 6. Effective November 1, 1985, Confederation Life Insurance Company issued a long-term disability plan (LTD Plan) for ANG employees. (AR 809). The LTD Plan contains a provision regarding "Total Disability or Totally Disabled" which reads in relevant part as follows:

An Employee will be considered Totally Disabled if, as a direct result of an Injury or

---

[1] The Court will reference the administrative record as "AR" followed by the Bates stamp number contained on the lower-right corner.

> Sickness, he is unable to perform the essential duties of <u>his Normal Occupation</u>[2] for any employer. However, after Monthly Benefits are payable for 24 months, an Employee will be considered Totally Disabled only if he is unable to perform the essential duties of <u>any occupation</u> for which he is or may become suited based on his education, training, or experience, including any education, training or experience received through a Rehabilitative Program.

(AR 817) (emphasis added) (footnote added).

On December 31, 1985, Sloan injured his neck, throat, and spine when a hydraulic door came down on the back of his head and neck, fracturing his vertebrae at the C3 level. (AR 76 and 273). After rehabilitation, Sloan continued to work at ANG until February 5, 1987, at which time he stopped working and sought long-term disability benefits under the LTD Plan. On August 6, 1987, Sloan began receiving benefits as he was deemed unable to perform the duties of "his Normal Occupation" as defined by the LTD Plan. (AR 273).

On August 5, 1987, after the initial twenty-four (24) months, the definition of total disability changed from "own" occupation to "any" occupation. (AR 817). Sloan was initially denied long-term disability benefits under the "any" occupation standard. (AR 272-273). On appeal, the decision was reversed and Sloan's benefits were reinstated retroactively. (AR 213). In the letter informing Sloan of the decision, Confederation Life Insurance Company stated as follows:

> You have made a strong case for Total Disability which could translate well into a Social Security pursuit. Our definition of Total Disability after 24 months is very similar to the definition used by Social Security. Since we are admitting Mr. Sloan as Totally Disabled from all occupations, he should reapply for Social Security Disability benefits and pursue it to all levels if necessary.

(AR 213).

In 1997, the administration and liability of the LTD Plan was transferred from Confederation

---

[2]"Normal Occupation" is defined by the LTD Plan as "the occupation, job or work he performed at the time he stopped working just prior to a claim being made under this Policy." (AR 817).

Life Insurance Company to Hartford Life and Accident Insurance Company (Hartford Life).  See

Complaint, ¶ 9.  Sloan continued to receive long-term disability benefits after the change over.

On November 22, 2000, Heather H. Reiss, Hartford Life Investigative Analyst, authored a letter terminating Sloan's long-term disability benefits explaining that Sloan no longer met the "any" occupation definition for total disability after August 15, 2000.[3]  (AR 794-795).

> We based our decision to terminate his claim for benefits on Policy language and all the documents contained in his claim file, viewed as a whole, including the following specific information:
>
> 1. Statement of claim for Group Long Term Disability Benefits completed by Mr. Sloan and dated 07/01/87.
> 2. Employer Statement dated and signed on 07/06/87.
> 3. Attending Physician's Statement signed by Dr. Michael Martire and dated 08/04/99.
> 4. Personal Profile Evaluation completed and signed by Mr. Sloan on 07/03/99.
> 5. Medical Records from Dr. Michael Martire dating from 06/29/98 through 06/01/00.
> 6. Pharmacy records from Gateway Pharmacy dating from 01/16/97 through 08/01/00.
> 7. Functional Capacity Evaluation (FCE) completed 8/15/00 at Medcenter One Health Systems.
> 8. Surveillance report and video from Mid-State Claims Service, Inc. for the period of 08/28/00 and 08/29/00.
> 9. Interview with Hartford Life Insurance's Investigator William Moryto conducted on 11/06/00 and statement signed by Mr. Sloan.
> 10. Corporate documents from Eclipse Medical, Inc. dated 12/28/93.
> 11. Letter from Dr. Michael Martire concerning his review of the Functional Capacity Evaluation and dated 10/31/00.

(AR 795).  The letter detailed each item on the list.  (AR 796-799).  Based on that information, Hartford Life identified the following occupations which it believed Sloan was qualified to perform: (1) Credit Card Clerk; (2) Lost Charge Card Clerk; (3) Automobile Locator; (4) Reservation Clerk (travel clerk); (5) Sorter (sorts data and/or files); (6) Dispatcher; (7) Telephone Solicitor; (8) Plant

---

[3]Although the letter indicated that benefits would be terminated as of August 15, 2000, it appears that Sloan received benefits through October 31, 2000.  See Plaintiff's Statement of Material Facts, ¶ 9.

Guide (tour for Industrial Plant); and (9) Shipping and Receiving Weigher. (AR 799-800).

Sloan, through his former attorney, informed Hartford Life of his intent to appeal its decision regarding termination of his long-term disability benefits by way of a letter dated December 19, 2000. (AR 804-806). On May 14, 2001, Hartford Life issued a letter upholding Reiss' decision to terminate Sloan's benefits. In closing, the letter stated as follows:

> We have not received new additional medical documentation beyond August 15, 2000 proving that our determination to terminate Mr. Sloan's LTD benefits was incorrect. At this time, our determination remains unchanged.
>
> We are closing Mr. Sloan's file and no further review will be conducted with respect to his claim.

(AR 791-793).

On or about March of 2002, Sloan commenced an action against Hartford Life in the District of North Dakota, South Central District Court, Burleigh County.[4] Sloan sought damages in addition to reinstatement of his long-term disability benefits. See Sloan v. Hartford Comprehensive Emp. Benefit Service Co., Case No. A1-02-049, (D. N.D. 2002) (Docket No. 1.) (hereinafter referred to as "Sloan I"). Hartford Life removed the action to United States District Court for the District of North Dakota on April 18, 2002. See Sloan I (Docket No. 2).

On March 4, 2003, the parties filed a "Stipulation for Stay of Proceedings, or, in the alternative, Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41." The stated purpose of the stipulation was to allow Sloan to pursue his Social Security disability appeal "because any social security benefits awarded will directly offset any long term disability payments under the employee welfare benefit plan at issue here, favorable or unfavorable resolution of [Sloan's] social

---

[4] There are differing accounts of when the action was commenced in State court. Sloan states "on or about February 28, 2002," whereas Hartford Life states "on or about March 18, 2002." See Plaintiff's Statement of Material Facts, ¶ 13; Defendant's Statement of Undisputed Facts, ¶ 23.

security appeal will determine the amount in controversy in this matter will affect the parties' settlement positions."[5]  See Sloan I (Docket No. 26).  Following the stipulation, this Court dismissed the action without prejudice on March 5, 2003.[6]  See Sloan I (Docket No. 27).

On December 12, 2003, Administrative Law Judge Donald Holloway issued a decision finding that Sloan was entitled to disability benefits under the Social Security Act beginning February 5, 1987.  See Complaint Ex's 4 and 5.  In a "Notice of Award" letter dated January 16, 2004, the Social Security Administration explained that Sloan was entitled to receive benefits no earlier than 12 months prior to his month of filing.  See Complaint Ex. 6.  Sloan filed this most recent application for benefits on January 25, 2002,[7] resulting in payments beginning in January of 2001.

On January 28, 2005, Sloan filed an action against Hartford Life in United States District Court for the District of North Dakota.  Sloan seeks reinstatement of his long-term disability benefits under the Plan effective November 1, 2000.  See Complaint, ¶ 27.  Both Sloan and Hartford Life filed motions for summary judgment on October 31, 2005.

## II.  SUMMARY JUDGMENT

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir. 1999).  A fact is "material" if it might effect the outcome of the case and

---

[5] Sloan had filed for Social Security benefits on January 25, 2002.  See Complaint Ex. 5.

[6] In the stipulation, Hartford agreed to waive any statute of limitations defenses that may be available if the case were re-filed, so long as the date of re-filing was within twenty-four (24) months of the date of the signed stipulation.  See Sloan I (Docket No. 26).

[7] Sloan previously filed for Social Security benefits in 1988, 1990, and 1995.  See Complaint Ex. 5.

a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Quick v. Donaldson Co., Inc., 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact. If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings. Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial. Fed.R.Civ.P. 56(e). A mere trace of evidence supporting the non-movant's position is insufficient. Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III.    LEGAL DISCUSSION

The Employment Retirement Income Security Act (ERISA) allows a participant in an ERISA-regulated plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). It is well-established that "[t]he district court's review of plan determinations is *de novo*, unless the plan grants discretionary authority to the plan administrator 'to determine eligibility for benefits or to construe the terms of the plan.'" Johnson v. U.S. Bancorp Broad-Based Change in Control Severance Pay Program, 424 F.3d 734, 738 (8th Cir. 2005) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). In the present case, the parties agree that the LTD Plan in question did not grant the plan administrator such discretion. As a result,

it is undisputed that a de novo standard of review applies. A de novo review is to be done "without giving any deference to the administrator's decision." Davidson v. Prudential Ins. Co., 953 F.2d 1093, 1095 (8th Cir. 1992).

In the Eighth Circuit, issues of plan interpretation, as well as fact-based determinations made by the plan administrator, are subject to de novo review. See Reidl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 756 (8th Cir. 2001). In the course of a de novo review, a district court may admit additional evidence only if the plaintiff shows good cause for doing so. Brown v. Seitz Foods, Inc., Disability Benefit Plan, 140 F.3d 1198, 1200 (8th Cir. 1998) (citing Ravenscroft v. Hy-Vee Emp. Benefit Plan & Trust, 85 F.3d 398, 402 (8th Cir. 1996)); see Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 641-42 (8th Cir. 1997) (quoting Donatelli v. Home Ins. Co., 992 F.2d 763, 765 (8th Cir. 1993) (explaining that the review of additional evidence is discouraged so as to "ensure expeditious judicial review of ERISA benefit decision and to keep district courts from becoming substitute plan administrators.")).

At the summary judgment stage, the question becomes whether, as a matter of law, Sloan was totally disabled under the LTD Plan on or after August 15, 2000, the date from which Hartford Life terminated his long-term disability benefits. If there are reasonable inferences either way as to whether Sloan was "totally disabled" under the LTD Plan, then neither party can prevail without some finding of fact. See Reidl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 756 ("Because there are reasonable inferences either way as to whether Mr. Reidl was totally disabled under the plan, neither party can prevail without some findings of fact."). To that end, the Eighth Circuit has recognized that "in conducting de novo review, the district court may wish to make findings of fact after a bench trial or on a stipulated fact record, rather than conducting the summary judgment review that is customary when applying the abuse-of-discretion standard." McKeehan v. Cigna Life Ins. Co., 344 F.3d 789,

793 (8th Cir. 2003) (citing Jebian v. Hewlett Packard Co., 310 F.3d 1173, 1182 & n.10 (9th Cir. 2002)).

As previously explained, the LTD Plan in question provided the following definition for "total disability" or "totally disabled":

> An Employee will be considered Totally Disabled if, as a direct result of an Injury or Sickness, he is unable to perform the essential duties of his Normal Occupation for any employer.  However, after Monthly Benefits are payable for 24 months, an Employee will be considered Totally Disabled only if he is unable to perform the essential duties of any occupation for which he is or may become suited based on his education, training, or experience, including any education, training or experience received through a Rehabilitative Program.  Proof of Total Disability will be satisfactory if it (1) is in writing and (2) consists of all medical, psychological, educational and vocational information which the Insurance Company considers pertinent to the claim.  After a Totally Disabled Employee has received Medical Benefits for 6 months, the Insurance Company may require that he submit, at such intervals as necessary, satisfactory proof of the continuance of Total Disability.

(AR 817).

The Court has carefully reviewed the administrative record and finds that summary judgment is inappropriate in this case.  The Court need not discuss each letter, document, and medical record in detail, but suffice it to say that the nearly 1400-page administrative record offers evidence supporting a finding of total disability, as well as casting doubt upon such a finding.  The record does not establish, as a matter of law, that Sloan is unable to perform the essential duties of any occupation for which he is or may become suited based on his education, training, or experience, including any education, training or experience received through a rehabilitative program.  Conversely, the record does not establish, as a matter of law, that Sloan is able to perform the essential duties of any such job. As stated by the Eighth Circuit, "Even where the historical facts are unchallenged, summary judgment is not appropriate if the facts are subject to more than one reasonable interpretation." Reidl v. Gen. Am. Life Ins. Co., 248 F.3d 753, 759 (8th Cir. 2001) (citing St. Louis County Bank v. United

<u>States</u>, 674 F.2d 1207, 1211 (8th Cir. 1982)).  This is such a case.  Because the administrative record as a whole would support a reasonable fact-finder's decision for either party, the issue of whether Sloan is totally disabled is a genuine issue of material fact and renders summary judgment improper as to both parties.

### IV.     CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment is **DENIED** (Docket No. 11), and the Defendant's Motion for Summary Judgment is **DENIED**.  (Docket No. 13). The Court will order the parties to participate in a settlement conference with Magistrate Judge Charles S. Miller, Jr. within the next 2-3 weeks if feasible.

**IT IS SO ORDERED**

Dated this 2nd day of December, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court